TERRANCE GALLAGHER *vs.* JULES POIGNIES *et ux.*

JUNE 27, 1952.

PRESENT: Flynn, C. J., Capotosto, Baker and Condon, JJ.

BAKER, J.  This action of assumpsit was brought to recover damages for the breach of a provision in a contract for the purchase and sale of a parcel of land with a tenement house thereon.  The case was tried to a jury in the superior court and at the conclusion of the evidence the trial justice, on motion of plaintiff, directed the jury to return a verdict for him on the issue of liability, but left to their determination the assessment of damages.  A verdict was returned in favor of plaintiff for $1,500, the ad damnum in the writ, and defendants thereupon duly prosecuted their bill of exceptions directly to this court.

It appears from the evidence that the defendants, husband and wife, were the owners of a two-family house in the city of Providence which they desired to sell.  To accomplish their purpose they employed a real estate agent who advertised the property for sale.  The plaintiff saw the advertisement in a newspaper about May 28, 1950 and consulted the agent, but at that time he was not interested

in buying the house. However, in the latter part of June he talked with the agent again and found that the sale price of the property had been reduced to $12,500. After some consideration plaintiff decided to buy and on July 6 paid the agent $25 as an initial deposit. Thereafter on July 14 a written agreement of sale was executed by the parties and he then paid the agent $475 toward the purchase price. That was the first time plaintiff and defendant Jules Poignies had met but the latter's wife was not then present.

The agreement was drawn by the real estate agent who was acting for defendants. It contained the following provision which plaintiff alleges was breached by defendants thereby causing him damage: "It is distinctly understood that said tenants on second floor have no lease, have never had an increase in rent since the inception of the O.P.A., and have no right to use the third floor under any agreement which will bind the new owner * * *." It is not disputed that when the agreement was executed the parties knew that the rent being received for the second floor tenement was $40 per month. The sale of the property was consummated August 2 and the balance of the purchase price was then paid by plaintiff to defendants.

There is evidence that in paying $12,500 for the property plaintiff expected he would be able to increase the rent for the second-floor tenement by 15 per cent thus making it $46 per month, and that his object in having the above-quoted provision inserted in the agreement of sale was to make certain that he could ask the rent control office for such increase. There was testimony that if such rent was frozen in 1942 under the O.P.A. regulations and had not thereafter been raised, a landlord, without expending any money for improvements, could obtain under such regulations a 15 per cent increase in order to secure a fair net operating income.

Immediately after receiving the deed to the property plaintiff's wife went to the O.P.A. office to apply for an

increase of 15 per cent in the rent of the second-floor tenement, but was informed that she could not do so because the rent of that tenement had already been raised from $35 to $40 per month on the application of defendants which was filed October 31, 1949 and granted January 20, 1950.

The defendants' first and second exceptions are to the ruling of the trial justice in sustaining plaintiff's objection to certain questions asked by their attorney in cross-examining the plaintiff. We have examined these exceptions and in our judgment they are without merit. The first question related to the price placed on the property by the real estate agent when he and plaintiff conferred in May. Thereafter in July when the agreement in issue was executed the price of $12,500 was agreed upon by the parties. What the price of the property was in May was therefore immaterial as far as plaintiff's claim herein is concerned. The second question was whether between July 6 and 14 plaintiff told the real estate agent that it was all right if the rent could not be increased. Such a statement even if made would also be immaterial, as the final agreement between the parties was expressed in writing in the contract of July 14 and prior oral negotiations would bind no one. Both of these exceptions are overruled.

The third exception is to the refusal of the trial justice to grant defendants' motion that the case be taken from the jury and passed. During plaintiff's recross-examination the witness stated that he conferred with the real estate agent after it was discovered that the rent of the second-floor tenement could not in the circumstances be raised and that the agent suggested that plaintiff take $500 and forget about the matter. The *plaintiff's* attorney at once asked that the latter part of the witness' answer be struck out and that the jury be instructed to disregard it. The trial justice then stated: "The jury is instructed that the last answer is stricken out from the record, and has no bearing on the issue in the case. It is not to be considered by you."

The court was then adjourned for the noon recess. When it reconvened at 2 p.m. *defendants'* attorney moved that the case be taken from the jury and passed, as the answer given by plaintiff was not responsive and that if such a statement was made it was an attempt on the part of the agent to bring about a settlement or a compromise.

After argument, the trial justice denied defendants' motion and the trial proceeded. We are of the opinion that his ruling did not constitute error. Passing over the question of whether defendants' motion was timely and also the fact that the motions to strike out and instruct the jury were made by *plaintiff's* attorney, it is our conclusion that the statement of the witness, in view of the circumstances herein, did not so prejudice defendants' rights that a passing of the case was required, particularly since there was little or no defense on the question of liability. Negligence cases cited to us by defendants relating to the improper reference to insurance during the trial are not in point. The third exception is overruled.

The defendants' fifth exception is neither briefed nor argued and therefore under our well-established practice it is waived. Their sixth and seventh exceptions may be treated together. The first is to the ruling of the trial justice directing that the jury find for the plaintiff on the issue of liability, and the second is to the denial of defendants' motion that he direct the jury to return a verdict in their favor. Upon consideration it is our opinion that the disposition of both motions by the trial justice was correct. No substantial defense was interposed by defendants on the question of liability. The defendant Mrs. Pauline Poignies did not testify. It was not disputed that the agreement of sale containing the provision relied on by plaintiff was drawn by defendants' agent. Their execution of that instrument was not questioned by defendants and no claim of duress, fraud, accident or mistake was made by them.

Further they did not deny that some months before the

sale they themselves had applied successfully to the O.P.A. to have the rent of the second-floor tenement raised 15 per cent. Thus the undisputed evidence showed that the quoted provision in the agreement had been breached by defendants. It followed that their motion for a direction could not properly be granted since in any event plaintiff was entitled to at least nominal damages. The defendants' contention that plaintiff was not misled so as to be damaged furnishes them no defense on the issue of liability. In the circumstances he had a right to rely on the terms of the written contract of sale. The sixth and seventh exceptions are overruled.

The fourth exception remains to be considered. It relates to the matter of damages which was left to the jury by the trial justice. It is apparent that on the evidence plaintiff's case is based on his contention that he invested $12,500 in the property, reasonably expecting that under his contract he would be able to obtain an additional rent of $6 per month for the second-floor tenement under existing O.P.A. regulations without any added expense on his part.

To prove the amount of his damage he relied on a witness who qualified as a real estate appraiser of some years' experience. The plaintiff's attorney asked the witness a hypothetical question to which defendants' attorney objected as being incomplete. After some colloquy defendants' attorney incorporated in the question the material provision in the contract of sale relied on by plaintiff ending with the words: "What is the rate of return on those assumed facts?" The witness started an answer to the effect that on a gross income of $960 a year from two tenements at $40 per tenement the rate of return on $12,500 would be a certain percentage and then made a reference to an income of $70 a month from the tenements, at which point defendants' attorney objected to the answer being continued. The trial justice overruled the objection and allowed the witness to proceed and defendants' exception was noted. In so ruling it is our opinion that the trial

justice was in error and that defendants' objection should have been sustained.

It seems clear that the witness was developing a theory of damages which involved the rental value of *both* tenements in relation to the price paid for the property, but the provision in the agreement of sale relied on by plaintiff and allegedly breached related to only one tenement, namely, that on the second floor. Moreover the reference by the witness to an income of $70 a month, obviously $35 a month from *each of two* tenements, was confusing in view of the pertinent evidence. In our judgment justice requires that the case be submitted to another jury for the assessment of damages only under a proper rule of damages to be given to the jury by the trial justice. The fourth exception is sustained.

All of the defendants' exceptions are overruled except the fourth which is sustained, and the case is remitted to the superior court for a new trial on the question of damages only.

*Fergus J. McOsker,* for plaintiff.

*James O. McManus, Joseph W. Grimes, Anthony S. Del Giudice,* for defendants.